

# UNITED STATES SENTENCING COMMISSION (/)

# 701

---

**AMENDMENT 701**

**Amendment:** Chapter Two, Part A, Subpart Three, is amended in the heading by adding at the end "AND OFFENSES RELATED TO REGISTRATION AS A SEX OFFENDER".

Section 2A3.1(a) is amended by striking "30" and inserting the following:

"(1) 38, if the defendant was convicted under 18 U.S.C. § 2241(c); or
(2) 30, otherwise.".

Section 2A3.1(b)(2) is amended by striking "(A) If" and inserting "If subsection (a)(2) applies and (A)"; and by striking "if" after "(B)".

The Commentary to §2A3.1 captioned "Application Notes" is amended in Note 2 by inserting "(A) Definitions.—" before "For purposes of"; and by adding at the end the following subdivision:

"(B) Application in Cases Involving a Conviction under 18 U.S.C. § 2241(c).—If the conduct that forms the basis for a conviction under 18 U.S.C. § 2241(c) is that the defendant engaged in conduct described in 18 U.S.C. § 2241(a) or (b), do not apply subsection (b)(1).".

Section 2A3.1 is amended by striking the Commentary captioned "Background" as follows:

"Background: Sexual offenses addressed in this section are crimes of violence. Because of their dangerousness, attempts are treated the same as completed acts of criminal sexual abuse. The maximum term of imprisonment authorized by statute is life imprisonment. The base offense level represents sexual abuse as set forth in 18 U.S.C. § 2242. An enhancement is provided for use of force; threat of death, serious bodily injury, or kidnapping; or certain other means as defined in 18 U.S.C. § 2241. This includes any use or threatened use of a dangerous weapon.



EXHIBIT
6



UNITED STATES
SENTENCING COMMISSION

An enhancement is provided when the victim is less than sixteen years of age. An additional enhancement is provided where the victim is less than twelve years of age. Any criminal sexual abuse with a child less than twelve years of age, regardless of consent, is governed by §2A3.1 (Criminal Sexual Abuse).

An enhancement for a custodial relationship between defendant and victim is also provided. Whether the custodial relationship is temporary or permanent, the defendant in such a case is a person the victim trusts or to whom the victim is entrusted. This represents the potential for greater and prolonged psychological damage. Also, an enhancement is provided where the victim was an inmate of, or a person employed in, a correctional facility. Finally, enhancements are provided for permanent, life-threatening, or serious bodily injury and abduction.".

Section 2A3.3(a) is amended by striking "12" and inserting "14".

The Commentary to §2A3.3 captioned "Application Notes" is amended in Note 1 by striking "'Minor' means an individual who had not attained the age of 18 years." and inserting the following:

"'Minor' means (A) an individual who had not attained the age of 18; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years; and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.".

The Commentary to §2A3.3 captioned "Application Notes" is amended by adding at the end the following:

"4. Inapplicability of §3B1.3.—Do not apply §3B1.3 (Abuse of Position of Trust or Use of Special Skill).".

Section 2A3.3 is amended by striking the Commentary captioned "Background" as follows:

"Background: The offense covered by this section is a misdemeanor. The maximum term of imprisonment authorized by statute is one year.".

Section 2A3.4(b)(1) is amended by striking "20" each place it appears and inserting "22".

The Commentary to §2A3.4 captioned "Statutory Provisions" is amended by striking "(a)(1), (2), (3)" after "§ 2244".

The Commentary to §2A3.4 captioned "Background" is amended by striking the following:



UNITED STATES
SENTENCING COMMISSION

"Enhancements are provided for victimizing children or minors. The enhancement under subsection (b)(2) does not apply, however, where the base offense level is determined under subsection (a)(3) because an element of the offense to which that offense level applies is that the victim had attained the age of twelve years but had not attained the age of sixteen years.".

Chapter Two, Part A, Subpart Three, is amended by adding at the end the following new guidelines and accompanying commentaries:

"§2A3.5. Failure to Register as a Sex Offender

(a) Base Offense Level (Apply the greatest):

(1) 16, if the defendant was required to register as a Tier III offender;
(2) 14, if the defendant was required to register as a Tier II offender; or
(3) 12, if the defendant was required to register as a Tier I offender.

(b) Specific Offense Characteristics

(1) (Apply the greatest):

If, while in a failure to register status, the defendant committed—

(A) a sex offense against someone other than a minor increase by 6 levels;
(B) a felony offense against a minor not otherwise covered by subdivision (C), increase by 6 levels; or
(C) a sex offense against a minor, increase by 8 levels.

(2) If the defendant voluntarily (A) corrected the failure to register; or (B) attempted to register but was prevented from registering by uncontrollable circumstances and the defendant did not contribute to the creation of those circumstances, decrease by 3 levels.

Commentary

Statutory Provision: 18 U.S.C. § 2250(a).

Application Notes:

1. Definitions.—For purposes of this guideline:



UNITED STATES
SENTENCING COMMISSION
( / )

'Minor' means (A) an individual who had not attained the age of 18 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years; and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.

'Sex offense' has the meaning given that term in 42 U.S.C. § 16911(5).

'Tier I offender', 'Tier II offender', and 'Tier III offender' have the meaning given those terms in 42 U.S.C. § 16911(2), (3) and (4), respectively.

2. <u>Application of Subsection (b)(2)</u>.—

    (A) <u>In General</u>.—In order for subsection (b)(2) to apply, the defendant's voluntary attempt to register or to correct the failure to register must have occurred prior to the time the defendant knew or reasonably should have known a jurisdiction had detected the failure to register.

    (B) <u>Interaction with Subsection (b)(1)</u>.—Do not apply subsection (b)(2) if subsection (b)(1) also applies.

§2A3.6. <u>Aggravated Offenses Relating to Registration as a Sex Offender</u>

    If the defendant was convicted under—

        (a) 18 U.S.C. § 2250(c), the guideline sentence is the minimum term of imprisonment required by statute; or
        (b) 18 U.S.C. § 2260A, the guideline sentence is the term of imprisonment required by statute.

    Chapters Three (Adjustments) and Four (Criminal History and Criminal Livelihood) shall not apply to any count of conviction covered by this guideline.

<u>Commentary</u>

<u>Statutory Provisions</u>: 18 U.S.C. §§ 2250(c), 2260A.

<u>Application Notes</u>:

1. <u>In General</u>.—Section 2250(c) of title 18, United States Code, provides a mandatory minimum term of five years' imprisonment and a statutory maximum term of 30 years' imprisonment. The statute also requires a sentence to be



UNITED STATES
SENTENCING COMMISSION

imposed consecutively to any sentence imposed for a conviction under 18 U.S.C. § 2250(a). Section 2260A of title 18, United States Code, provides a term of imprisonment of 10 years that is required to be imposed consecutively to any sentence imposed for an offense enumerated under that section.

(7)

2. Inapplicability of Chapters Three and Four.—Do not apply Chapters Three (Adjustments) and Four (Criminal History and Criminal Livelihood) to any offense sentenced under this guideline. Such offenses are excluded from application of those chapters because the guideline sentence for each offense is determined only by the relevant statute. See §§3D1.1 (Procedure for Determining Offense Level on Multiple Counts) and 5G1.2 (Sentencing on Multiple Counts of Conviction).

3. Inapplicability of Chapter Two Enhancement.—If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic that is based on the same conduct as the conduct comprising the conviction under 18 U.S.C. § 2250(c) or § 2260A.

4. Upward Departure.—In a case in which the guideline sentence is determined under subsection (a), a sentence above the minimum term required by 18 U.S.C. § 2250(c) is an upward departure from the guideline sentence. A departure may be warranted, for example, in a case involving a sex offense committed against a minor or if the offense resulted in serious bodily injury to a minor.".

Section 2G1.1(a) is amended by striking "14" and inserting the following:

"(1) 34, if the offense of conviction is 18 U.S.C. § 1591(b)(1); or
(2) 14, otherwise.".

Section 2G1.1(b)(1) is amended by inserting "(A) subsection (a)(2) applies; and (B)" after "If".

Section 2G1.1 is amended by striking the Commentary captioned "Background" as follows:

"Background: This guideline covers offenses that involve promoting prostitution or prohibited sexual conduct with an adult through a variety of means. Offenses that involve promoting prostitution or prohibited sexual conduct with an adult are sentenced under this guideline, unless criminal sexual abuse occurs as part of the offense, in which case the cross reference would apply.



UNITED STATES
SENTENCING COMMISSION
(1)

This guideline also covers offenses under section 1591 of title 18, United States Code, that involve recruiting or transporting a person, other than a minor, in interstate commerce knowing that force, fraud, or coercion will be used to cause the person to engage in a commercial sex act.

Offenses of promoting prostitution or prohibited sexual conduct in which a minor victim is involved are to be sentenced under §2G1.3 (Promoting a Commercial Sex Act or Prohibited Sexual Conduct with a Minor; Transportation of Minors to Engage in a Commercial Sex Act or Prohibited Sexual Conduct; Travel to Engage in Commercial Sex Act or Prohibited Sexual Conduct with a Minor; Sex Trafficking of Children; Use of Interstate Facilities to Transport Information about a Minor).".

Section 2G1.3(a) is amended by striking "24" and inserting the following:

> "(1) 34, if the defendant was convicted under 18 U.S.C. § 1591(b)(1);
> (2) 30, if the defendant was convicted under 18 U.S.C. § 1591(b)(2);
> (3) 28, if the defendant was convicted under 18 U.S.C. § 2422(b) or § 2423(a); or
> (4) 24, otherwise.".

Section 2G1.3(b) is amended by striking subdivision (4) as follows:

> "(4) If the offense involved (A) the commission of a sex act or sexual contact; or (B) a commercial sex act, increase by 2 levels.".

and inserting the following:

> "(4) If (A) the offense involved the commission of a sex act or sexual contact; or (B) subsection (a)(3) or (a)(4) applies and the offense involved a commercial sex act, increase by 2 levels.".

Section 2G1.3(b)(5) is amended by inserting "(A) subsection (a)(3) or (a)(4) applies; and (B)" after "If".

The Commentary to §2G1.3 captioned "Statutory Provisions" is amended by striking "2422(b),".

Section 2G1.3 is amended by striking the Commentary captioned "Background" as follows:

> "Background: This guideline covers offenses under chapter 117 of title 18, United States Code, involving transportation of a minor for illegal sexual activity through a variety of means. This guideline also covers offenses involving a minor under section 1591 of title 18, United States Code. Offenses

UNITED STATES
SENTENCING COMMISSION

involving an individual who had attained the age of 18 years are covered under §2G1.1 (Promoting A Commercial Sex Act or Prohibited Sexual Conduct with an Individual Other than a Minor).".

Commentary to §2G2.5 captioned "Statutory Provisions" is amended by inserting "§" after "18 U.S. C. §"; and by inserting ", 2257A" after "2257".

Chapter Two, Part G, Subpart Two, is amended by adding at the end the following new guideline and accompanying commentary:

"§2G2.6. Child Exploitation Enterprises

(a) Base Offense Level: 35

(b) Specific Offense Characteristics

(1) If a victim (A) had not attained the age of 12 years, increase by 4 levels; or (B) had attained the age of 12 years but had not attained the age of 16 years, increase by 2 levels.
(2) If (A) the defendant was a parent, relative, or legal guardian of a minor victim; or (B) a minor victim was otherwise in the custody, care, or supervisory control of the defendant, increase by 2 levels.
(3) If the offense involved conduct described in 18 U.S.C. § 2241(a) or (b), increase by 2 levels.
(4) If a computer or an interactive computer service was used in furtherance of the offense, increase by 2 levels.

Commentary

Statutory Provision: 18 U.S.C. § 2252A(g).

Application Notes:

1. Definitions.—For purposes of this guideline:

    'Computer' has the meaning given that term in 18 U.S.C. § 1030(e)(1).

    'Interactive computer service' has the meaning given that term in section 230(e)(2) of the Communications Act of 1934 (47 U.S.C. § 230(f)(2)).

    'Minor' means (A) an individual who had not attained the age of 18 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years; and (ii) could be provided for the



UNITED STATES
SENTENCING COMMISSION

purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.

2. Application of Subsection (b)(2).—

(A) Custody, Care, or Supervisory Control.—Subsection (b)(2) is intended to have broad application and includes offenses involving a victim less than 18 years of age entrusted to the defendant, whether temporarily or permanently. For example, teachers, day care providers, baby-sitters, or other temporary caretakers are among those who would be subject to this enhancement. In determining whether to apply this enhancement, the court should look to the actual relationship that existed between the defendant and the minor and not simply to the legal status of the defendant-minor relationship.

(B) Inapplicability of Chapter Three Adjustment.—If the enhancement under subsection (b)(2) applies, do not apply §3B1.3 (Abuse of Position of Trust or Use of Special Skill).

3. Application of Subsection (b)(3).—For purposes of subsection (b)(3), 'conduct described in 18 U.S.C. § 2241(a) or (b)' is: (i) using force against the minor; (ii) threatening or placing the minor in fear that any person will be subject to death, serious bodily injury, or kidnapping; (iii) rendering the minor unconscious; or (iv) administering by force or threat of force, or without the knowledge or permission of the minor, a drug, intoxicant, or other similar substance and thereby substantially impairing the ability of the minor to appraise or control conduct. This provision would apply, for example, if any dangerous weapon was used or brandished, or in a case in which the ability of the minor to appraise or control conduct was substantially impaired by drugs or alcohol.".

Section 2G3.1(b) is amended by striking subdivision (2) as follows:

"(2) If the offense involved the use of a misleading domain name on the Internet with the intent to deceive a minor into viewing material on the Internet that is harmful to minors, increase by 2 levels.",

and inserting the following:

"(2) If, with the intent to deceive a minor into viewing material that is harmful to minors, the offense involved the use of (A) a misleading domain name on the Internet; or (B) embedded words or digital images in the source code of a website, increase by 2 levels.".

The Commentary to §2G3.1 captioned "Statutory Provisions" is amended by inserting ", 2252C" after "2252B".

The Commentary to §2G3.1 captioned "Application Notes" is amended in Note 2 by inserting ", 2252C" after "2252B".

*(J)*

Section 2J1.2(b) is amended in subdivision (1) by striking "greater" and inserting "greatest"; by redesignating subdivisions (A) and (B) as subdivisions (B) and (C), respectively; by inserting before subdivision (B), as redesignated by this amendment, the following:

> "(A) If the (i) defendant was convicted under 18 U.S.C. § 1001; and (ii) statutory maximum term of eight years' imprisonment applies because the matter relates to sex offenses under 18 U.S.C. § 1591 or chapters 109A, 109B, 110, or 117 of title 18, United States Code, increase by 4 levels.";

and by striking subdivision (C), as redesignated by this amendment, as follows:

> "(C) If (i) defendant was convicted under 18 U.S.C. § 1001 or § 1505; and (ii) the statutory maximum term of imprisonment relating to international terrorism or domestic terrorism is applicable, increase by 12 levels.",

and inserting the following:

> "(C) If the (i) defendant was convicted under 18 U.S.C. § 1001 or § 1505; and (ii) statutory maximum term of eight years' imprisonment applies because the matter relates to international terrorism or domestic terrorism, increase by 12 levels.".

The Commentary to §2J1.2 captioned "Statutory Provisions" is amended by striking "when the statutory maximum term of imprisonment relating to international terrorism or domestic terrorism is applicable," and inserting the following:

> "(when the statutory maximum term of eight years' imprisonment applies because the matter relates to international terrorism or domestic terrorism, or to sex offenses under 18 U.S.C. § 1591 or chapters 109A, 109B, 110, or 117 of title 18, United States Code),".

The Commentary to §2J1.2 captioned "Application Notes" is amended in Note 2(B) by striking "(b)(1)(B)" and inserting "(b)(1)(C)".

The Commentary to §2J1.2 captioned "Application Notes" is amended in Note 4 by inserting "or a particularly serious sex offense" after "face)".

The Commentary to §2J1.2 captioned "Application Notes" is amended in Note 5 by inserting "(B)" after "Subsection (b)(1)" each time it appears; and by inserting "(B)" after "under subsection (b)(1)".

Section 3D1.2(d) is amended by inserting as a new line "§2A3.5;" before the line that begins "§§2B1.1"; and by inserting "(except §2A3.5)" after "Chapter Two, Part A".

The Commentary to §4B1.5 captioned "Application Notes" is amended by striking Note 1 as follows:

> "1. <u>Definitions</u>.—For purposes of this guideline:
>
>> 'Minor' means an individual who had not attained the age of 18 years.
>>
>> 'Minor victim' includes (A) an undercover law enforcement officer who represented to the defendant that the officer was a minor; or (B) any minor the officer represented to the defendant would be involved in the prohibited sexual conduct.",

and inserting the following:

> "1. <u>Definition</u>.—For purposes of this guideline, 'minor' means (A) an individual who had not attained the age of 18 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years; and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.".

The Commentary to §4B1.5 captioned "Application Notes" is amended in Note 2 by inserting "or (iv) 18 U.S.C. § 1591;" after "individual;"; and by striking "(iii)" after "through" and inserting " (iv)".

The Commentary to §4B1.5 captioned "Background" is amended by striking the following:

> "This guideline is intended to provide lengthy incarceration for offenders who commit sex offenses against minors and who present a continuing danger to the public. It applies to offenders whose instant offense of conviction is a sex offense committed against a minor victim.".

and inserting:

> "This guideline applies to offenders whose instant offense of conviction is a sex offense committed against a minor and who present a continuing danger to the public.".

UNITED STATES
SENTENCING COMMISSION

Section 5B1.3(a)(9) is amended by inserting "(A) in a state in which requirements of the Sex Offender Registration and Notification see 42 U.S.C. §§ 16911 and 16913) do not apply," before "a dant convicted"; by inserting "(Pub. L. 105–119, § 115(a)(8), 26, 1997)" after "42(c)(40)," by inserting "of" after "student;" by adding at the end the following:

> "(B) in a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;".

Section 5B1.3(d)(7) is amended by adding at the end the following:

> "(C) A condition requiring the defendant to submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects, upon reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.".

Section 5B1.3 is amended by adding at the end the following:

> " Commentary
>
> Application Note:
>
> 1. Application of Subsection (b)(9)(A) and (B).—Some jurisdictions continue to register sex offenders pursuant to the sex offender registry in place prior to July 27, 2006, the date of enactment of the Adam Walsh Act, which contained the Sex Offender Registration and Notification Act. In such a jurisdiction, subsection (b)(9)(A) will apply. In a jurisdiction that has implemented the requirements of the Sex Offender Registration and Notification Act, subsection (b)(9)(B) will apply. (See 42 U.S.C. §§ 16911 and 16913.)".

The Commentary to §5D1.2 captioned "Application Notes" is amended by striking Note 1 as follows:

> "1. Definition.—For purposes of this guideline, "sex offense" means (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110



of such title, not including a recordkeeping offense; or (iii) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement about an alien individual; or (B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (iii) of this note.",

and inserting:

"1. Definitions.—For purposes of this guideline:

'Sex offense' means (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 109B of such title; (iii) chapter 110 of such title, not including a recordkeeping offense; (iv) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement about an alien individual; (v) an offense under 18 U.S.C. § 1201; or (vi) an offense under 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (vi) of this note.

'Minor' means (A) an individual who had not attained the age of 18 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years; and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.".

Section 5D1.3(a)(7) is amended by inserting "(A) in a state in which the requirements of the Sex Offender Registration and Notification Act (see 42 U.S.C. §§ 16911 and 16913) do not apply," before "a defendant"; by inserting "(Pub. L. 105–119, § 115(a)(8), Nov. 26, 1997)" after "4042(c)(4)"; by inserting "or" after "student;" and by adding at the end the following:

"(B) in a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;".

Section 5D1.3(d)(7) is amended by adding at the end the following:



UNITED STATES
SENTENCING COMMISSION

"(C) A condition requiring the defendant to submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.".

Section 5D1.3 is amended by adding at the end the following:

" <u>Commentary</u>

<u>Application Note</u>:

1. <u>Application of Subsection (b)(7)(A) and (B)</u>.—Some jurisdictions continue to register sex offenders pursuant to the sex offender registry in place prior to July 27, 2006, the date of enactment of the Adam Walsh Act, which contained the Sex Offender Registration and Notification Act. In such a jurisdiction, subsection (b)(7)(A) will apply. In a jurisdiction that has implemented the requirements of the Sex Offender Registration and Notification Act, subsection (b)(7)(B) will apply. (<u>See</u> 42 U.S.C. §§ 16911 and 16913.)".

Appendix A (Statutory Index) is amended in the line referenced to 18 U.S.C. § 1001 by striking the following:

"when the statutory maximum term of imprisonment relating to international terrorism or domestic terrorism is applicable",

and inserting the following:

"(when the statutory maximum term of eight years' imprisonment applies because the matter relates to international terrorism or domestic terrorism, or to sex offenses under 18 U.S.C. § 1591 or chapters 109A, 109B, 110, or 117 of title 18, United States Code)".

Appendix A (Statutory Index) is amended by inserting after the line referenced to 18 U.S.C. § 2245 the following:

"18 U.S.C. § 2250(a)          2A3.5

18 U.S.C. § 2250(c)          2A3.6";

by inserting after the line referenced to 18 U.S.C. § 2252B the following:

"18 U.S.C. § 2252C          2G3.1";

by inserting after the line referenced to 18 U.S.C. § 2257 the following:

UNITED STATES
"18 U.S.C. § 2257A          2G2.5"; and
SENTENCING COMMISSION
by inserting after the line referenced to 18 U.S.C. § 2260(b) the following:

"18 U.S.C. § 2260A          2A3.6".

**Reason for Amendment:** This amendment responds to the Adam Walsh Child Protection and Safety Act of 2006 (the "Adam Walsh Act"), Pub. L. 109–248, which contained a directive to the Commission, created new sexual offenses, and enhanced penalties for existing sexual offenses. The amendment implements the directive by creating two new guidelines, §§2A3.5 (Failure to Register as a Sex Offender) and 2A3.6 (Aggravated Offenses Relating to Registration as a Sex Offender). It further addresses relevant provisions in the Adam Walsh Act by making changes to Chapter Two, Part A, Subpart 3 (Criminal Sexual Abuse) and Part G (Offenses Involving Commercial Sex Acts, Sexual Exploitation of Minors, and Obscenity), §2J1.2 (Obstruction of Justice), §3D1.2 (Groups of Closely Related Counts), §4B1.5 (Repeat and Dangerous Sex Offender Against Minors), §5B1.3 (Conditions of Probation), §5D1.2 (Term of Supervised Release), §5D1.3 (Conditions of Supervised Release) and Appendix A (Statutory Index).

First, section 206 of the Adam Walsh Act amended 18 U.S.C. § 2241(c) to add a new mandatory minimum term of imprisonment of 30 years for offenses related to the aggravated sexual abuse of a child under 12 years old, or of a child between 12 and 16 years old if force, threat, or other means was used. In response to the new mandatory minimum for these offenses, the amendment increases the base offense level at §2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse) from level 30 to level 38. The base offense level of 30 has been retained for all other offenses. At least one specific offense characteristic applied to every conviction under 18 U.S.C. § 2241(c) sentenced under §2A3.1 in fiscal year 2006. Accordingly, the mandatory minimum 360 months' imprisonment is expected to be reached or exceeded in every case with a base offense level of 38.

The amendment provides a new application note that precludes application of the specific offense characteristic at §2A3.1(b)(1) regarding conduct described in 18 U.S.C. § 2241(a) or (b) if the conduct that forms the basis for a conviction under 18 U.S.C. § 2241(c) is that the defendant engaged in conduct described in 18 U.S.C. § 2241(a) or (b) (force, threat, or other means). The amendment also precludes application of the specific offense characteristic for the age of a victim at §2A3.1(b)(2) if the defendant was convicted under section 2241(c). The heightened base offense level of 38 takes into account the age of the victim. These instructions, therefore, avoid unwarranted double counting.

Second, section 207 of the Adam Walsh Act increased the statutory maximum term of imprisonment under 18 U.S.C. § 2243(b) from 5 years to 15 years for the sexual abuse of a person in official detention or under custodial authority. In response to this increased penalty, the amendment increases the base offense level from 12 to 14 in §2A3.3 (Criminal Sexual Abuse of a Ward or Attempt to Commit Such Acts). The amendment also adds a new definition of "minor" consistent with how this term is defined elsewhere in the guidelines manual. In addition, the amendment includes an application note precluding application of §3B1.3 (Abuse of Position of Trust or Use of Special Skill) for these offenses because an abuse of position of trust is assumed in all such cases and, therefore, is built into the base offense level.

Third, section 206 of the Adam Walsh Act created a new subsection at 18 U.S.C. § 2244. Section 2244(a)(5) provides a penalty of any term of years if the sexual conduct would have violated 18 U.S.C. § 2241(c) had the contact been a sexual act. Section 2241(c) conduct involves the aggravated sexual abuse of a child under 12 years old or of a child between 12 and 16 years old if force, threat, or other means was used, as defined in 18 U.S.C. § 2241(a) and (b). Prior to the Adam Walsh Act, the penalty for offenses involving children under 12 years old was "twice that otherwise provided," and the penalty for sexual contact involving behavior described in 18 U.S.C. § 2241 was a statutory maximum term of imprisonment of 10 years.

The amendment addresses this new offense by increasing the minimum offense level in the age enhancement in subsection (b)(1) of §2A3.4 (Abusive Sexual Contact or Attempt to Commit Abusive Sexual Contact) from level 20 to level 22.

Fourth, section 141 of the Adam Walsh Act created a new offense under 18 U.S.C. § 2250(a) for the failure to register as a sex offender. The basic offense carries a statutory maximum term of imprisonment of 10 years. Section 141 also included a directive to the Commission that when promulgating guidelines for the offense, to consider, among other factors, the seriousness of the sex offender's conviction that gave rise to the requirement to register; relevant further offense conduct during the period for which the defendant failed to register; and the offender's criminal history.

The amendment creates a new guideline, §2A3.5 (Failure to Register as a Sex Offender), to address the directive. The new guideline provides three alternative base offense levels based on the tiered category of the sex offender: level 16 if the defendant was required to register as a Tier III offender; level 14 if the defendant was required to register as a Tier II offender; and level 12 if the defendant was required to register as a Tier I offender.

The amendment also provides two specific offense characteristics. First, subsection (b)(1) provides a tiered enhancement to address criminal conduct committed while the defendant is in a failure to

register status. Specifically, §2A3.5(b)(1) provides a six-level increase if, while in a failure to register status, the defendant committed a sex offense against an adult, a six-level increase if the defendant committed a felony offense against a minor, and an eight-level increase if the defendant committed a sex offense against a minor. Second, §2A3.5(b)(2) provides a three-level decrease if the defendant voluntarily corrected the failure to register or voluntarily attempted to register but was prevented from registering by uncontrollable circumstances, and the defendant did not contribute to the creation of those circumstances. The reduction covers cases in which (1) the defendant either does not attempt to register until after the relevant registration period has expired but subsequently successfully registers, thereby correcting the failure to register status, or (2) the defendant, either before or after the registration period has expired, attempted to register but circumstances beyond the defendant's control prevented the defendant from successfully registering. An application note specifies that the voluntary attempt to register or to correct the failure to register must have occurred prior to the time the defendant knew or reasonably should have known a jurisdiction had detected the failure to register. The application note also provides that the reduction does not apply if the enhancement for committing one of the enumerated offenses in §2A3.5(b)(1) applies.

Additionally, the amendment adds §2A3.5 to the list of offenses that are considered groupable under §3D1.2(d) because the failure to register offense is an ongoing and continuous offense.

Fifth, section 141 of the Adam Walsh Act created two new aggravated offenses relating to the registration as a sex offender. Section 141 of the Act created 18 U.S.C. § 2250(c), which carries a mandatory minimum term of imprisonment of 5 years and a statutory maximum term of imprisonment of 30 years if a defendant commits a crime of violence while in a failure to register status, with the sentence to be consecutive to the punishment provided for the failure to register. Section 702 of the Adam Walsh Act created a new offense at 18 U.S.C. § 2260A that prohibits the commission of various enumerated offenses while in a failure to register status. The penalty for this offense is a mandatory term of imprisonment of 10 years to be imposed consecutively to the underlying offense.

The amendment creates a new guideline at §2A3.6 (Aggravated Offenses Relating to Registration as a Sex Offender) to address these new offenses. The new guideline provides that for offenses under section 2250(c), the guideline sentence is the minimum term of imprisonment required by statute, and for offenses under section 2260A, the guideline sentence is the term of imprisonment required by statute. Chapters Three and Four are not to apply. This is consistent with how the guidelines treat other offenses that carry both a specified term of imprisonment and a requirement

UNITED STATES
SENTENCING COMMISSION

that such term be imposed consecutively. See §§3D1.1 (Procedure for Determining Offense Level on Multiple Counts) and 5G1.2 (Sentencing on Multiple Counts of Conviction).

The guideline includes an application note that provides an upward departure stating that a sentence above the minimum term required by section 2250(c) is an upward departure from the guideline sentence. An upward departure may be warranted, for example, in a case involving a sex offense committed against a minor or if the offense resulted in serious bodily injury to a minor.

Sixth, section 208 of the Adam Walsh Act added a new mandatory minimum term of imprisonment of 15 years under 18 U.S.C. § 1591(b)(1) for sex trafficking of an adult by force, fraud, or coercion. In response, the amendment provides a new base offense level of 34 in §2G1.1 (Promoting a Commercial Sex Act or Prohibited Sexual Conduct with an Individual Other than a Minor) if the offense of conviction is 18 U.S.C. § 1591(b)(1), but retains a base offense level of 14 for all other offenses. In addition, the amendment limits application of the specific offense characteristic at §2G1.1(b)(1) that applies if the offense involved fraud or coercion only to those offenses receiving a base offense level of 14. Offenses under 18 U.S.C. § 1591(b)(1) necessarily involve fraud and coercion and, therefore, such conduct is built into the heightened base offense level of 34. This limitation thus avoids unwarranted double counting.

Seventh, section 208 of the Adam Walsh Act added a new mandatory minimum term of imprisonment of 15 years under 18 U.S.C. § 1591(b)(1) for sex trafficking of children under 14 years of age and added a new mandatory minimum term of imprisonment of 10 years and increased the statutory maximum term of imprisonment from 40 years to life under 18 U.S.C. § 1591(b)(2) for sex trafficking of children who had attained the age of 14 years but had not attained the age of 18 years. Further, the Adam Walsh Act increased the mandatory minimum term of imprisonment from 5 years to 10 years and increased the statutory maximum term of imprisonment from 30 years to life under both 18 U.S.C. § 2422(b), for persuading or enticing any person who has not attained the age of 18 years to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, and 18 U.S.C. § 2423(a), for transporting a person who has not attained the age of 18 years in interstate or foreign commerce, with the intent that the person engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense.

In response, the amendment provides alternative base offense levels in §2G1.3 (Promoting a Commercial Sex Act or Prohibited Sexual Conduct with a Minor; Transportation of Minors to Engage in a Commercial Sex Act or Prohibited Sexual Conduct; Travel to Engage in Commercial Sex Act or Prohibited Sexual Conduct with a Minor; Sex Trafficking of Children; Use of Interstate Facilities to Transport Information about a Minor) based on the statute of

conviction and the conduct described in that conviction. For convictions under 18 U.S.C. § 1591(b)(1), the base offense level is for convictions under 18 U.S.C. § 1591(b)(2), the base offense is 30.

UNITED STATES
SENTENCING COMMISSION

amendment further provides a base offense level of 28 for convictions under 18 U.S.C. §§ 2422(b) and 2423(a). The two-level enhancement for the use of a computer at §2G1.3(b)(3) applied to 95 percent of offenders convicted under 18 U.S.C. § 2422(b) and sentenced under §2G1.3 in fiscal year 2006. In addition, the two-level enhancement for the offense involving a sexual act or sexual contact at §2G1.3(b)(4) applied to 95 percent of offenders convicted under 18 U.S.C. § 2423(a) and sentenced under this guideline in fiscal year 2006 . With application of either enhancement, the mandatory minimum term of imprisonment of 120 months will be reached in the majority of convictions under 18 U.S.C. §§ 2422(b) and 2423(a), before application of other guidelines adjustments.

Further, the amendment addresses the interaction of two specific offense characteristics with the alternative base offense levels. First, every conviction under 18 U.S.C. § 1591 necessarily involves a commercial sex act. With the base offense levels being determined based on the statute of conviction, the amendment clarifies that §2G1.3(b)(4)(B), which provides a two-level enhancement if the offense involved a commercial sex act, does not apply if the defendant is convicted under 18 U.S.C. § 1591. Second, the amendment precludes application of the age enhancement in §2G1.3(b)(5) if the base offense level is determined under subsection (a)(1) of §2G1.3 for a conviction under 18 U.S.C. § 1591(b)(1). The base offense level provided by subsection (a)(1) of §2G1.3 takes into account the age of the victim and, therefore, limitations on application of subsections (b)(4)(B) and (b)(5) of §2G1.3 avoid unwarranted double counting.

Eighth, section 503 of the Adam Walsh Act created a new section, 18 U.S.C. § 2257A, adopting new recordkeeping obligations for the production of any book, magazine, periodical, film, videotape, or digital image that contains a visual depiction of simulated sexually explicit conduct. Section 2257A has a statutory maximum of one year imprisonment for the failure to comply with the recordkeeping requirements and a statutory maximum term of imprisonment of five years if the violation was to conceal a substantive offense that involves either causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction or trafficking in material involving the sexual exploitation of a minor. The new offense is similar to 18 U.S.C. § 2257, which is referenced to §2G2.5 (Recordkeeping Offenses Involving the Production of Sexually Explicit Materials; Failure to Provide Required Marks in Commercial Electronic Mail). Accordingly, the amendment refers the new offense to §2G2.5.

Ninth, section 701 of the Adam Walsh Act created a new offense 18 U.S.C. § 2252A(g) that prohibits engaging in child exploitation enterprises, defined as violating 18 U.S.C. §§ 1591, 1201 (if the victim is a minor), chapter 109A (involving a minor victim), chapter 110 (except for 18 U.S.C. § 2257 and 2257A), or chapter 117 (involving a minor victim), as part of a series of felony violations constituting three or more separate incidents and involving more than one victim, and committing those offenses in concert with three or more other people. The statute provides a mandatory minimum term of imprisonment of 20 years.

The amendment creates a new guideline at §2G2.6 (Child Exploitation Enterprises) to cover this new offense. The guideline provides a base offense level of 35 and four specific offense characteristics. The Commission anticipates these offenses typically will involve conduct encompassing at least one of the specific offense characteristics, resulting in an offense level of at least level 37. Thus, the mandatory minimum term of imprisonment of 240 months typically is expected to be reached or exceeded, before application of other guideline adjustments.

Tenth, section 206 of the Adam Walsh Act increased the statutory maximum term of imprisonment from 4 years to 10 years under 18 U.S.C. § 2252B(b) for knowingly using a misleading domain name with the intent to deceive a minor into viewing material harmful to minors on the Internet. In addition, section 703 of the Act created a new section, 18 U.S.C. § 2252C, that carries a statutory maximum term of imprisonment of 10 years for knowingly embedding words or digital images into the source code of a website with the intent to deceive a person into viewing material constituting obscenity. Section 2252C(b) carries a statutory maximum term of imprisonment of 20 years for knowingly embedding words or digital images into the source code of a website with the intent to deceive a minor into viewing material harmful to minors on the Internet.

In response to the new offense, the amendment expands the scope of subsection (b)(2) of §2G3.1 (Importing, Mailing, or Transporting Obscene Matter; Transferring Obscene Matter to a Minor; Misleading Domain Names) by adding to this enhancement "embedded words or digital images into the source code on a website."

Eleventh, section 141 of the Adam Walsh Act added a new provision in 18 U.S.C. § 1001 that carries a statutory maximum term of imprisonment of 8 years for falsifying or covering up by any scheme or making materially false or fraudulent statements or making or using any false writings or documents that relate to offenses under chapters 109A, 109B, 110, and 117, and under section 1591 of chapter 77. The amendment adds a new specific offense characteristic at subsection (b)(1)(A) of §2J1.2 (Obstruction of Justice) enhancing the offense level by four levels if the defendant was convicted under 18 U.S.C. § 1001 and the statutory maximum term of 8 years' imprisonment applies because the

UNITED STATES
SENTENCING COMMISSION

matter relates to sex offenses. The amendment also added language to Application Note 4 stating an upward departure may be warranted under the guideline in a case involving a particularly heinous sex offense.

Twelfth, section 206 of the Adam Walsh Act added 18 U.S.C. § 1591 to the list of offenses for which a defendant is to be sentenced to life under 18 U.S.C. § 3559(e)(2)(A). The amendment adds 18 U.S.C. § 1591 to the list of instant offenses of convictions that are covered sex crimes under §4B1.5.

Thirteenth, section 141 of the Adam Walsh Act amended 18 U.S.C. §§ 3563 and 3583. The amendment adds a new subdivision to (a)(9) of §5B1.3 and to (d)(7) of §5D1.3 to require a defendant to comply with the new registration requirements provided by the Adam Walsh Act. The amendment also modifies the language in §§5B1.3(a)(9) and 5D1.3(d)(7) relating to defendants convicted of a sexual offense described in 18 U.S.C. § 4042(c)(4). Not all states have implemented the new requirements, continuing to register sex offenders pursuant to the sex offender registry in place prior to July 27, 2006, the date of enactment of the Adam Walsh Act. Thus, it is necessary to maintain the language in the guidelines providing for conditions of probation and supervised release for those offenders.

Fourteenth, section 141 of the Act amended 18 U.S.C. § 3583(k), which provides that the authorized term of supervised release for any offense under enumerated sex offenses is any term of years or life. In response, the amendment adds offenses under chapter 109B and sections 1201 and 1591 of title 18 United States Code or 18 U.S.C. §§ 1201 and 1591 to the definition of sex offense under §5D1.2(b)(2) for which the length of the term of supervised release shall be not less than the minimum term of years specified for the offense and may be up to life.

Finally, the amendment provides a definition of "minor" in relevant guidelines that is consistent with how this term is defined elsewhere in the guidelines. Outdated background commentary also is deleted by this amendment.

**Effective Date: The effective date of this amendment is November 1, 2007.**





# UNITED STATES SENTENCING COMMISSION (/)

# HelpLine

The HelpLine assists practitioners in applying the guidelines.

## DISCLAIMER

(HTTPS://ASKUSSCTRAINING.USSC.GOV/NAP-PAGES/USSC_APEX/R/ASKUSSC/H



(https://www.youtube.com/playlist?list=PL4bcxoLSlaXcsFPehKYaifpRQbFAlr2wW)

(https://twitter.com/TheUSSCgov)

## Sign Up for Email Updates

SUBMIT

(https://public.govdelivery.com/accounts/USSC/sub

CONNECT WITH USSC

(https://www.linkedin.com/company/us-sentencing-commission)

*and published at U.S. taxpayer expense.*

U.S. SENTENCING COMMISSION
Office of Public Affairs
One Columbus Circle, NE
Suite 2-500, South Lobby
Washington, DC, 20002-8002

Main: (202) 502-4500

PubAffairs@ussc.gov
(mailto:PubAffairs@ussc.gov)

# Use of Guidelines and Specific Offense Characteristics Guideline Calculation Based

## Fiscal Year 2024





**USE OF GUIDELINES AND SPECIFIC OFFENSE CHARACTERISTICS**
**Guideline Calculation Based**
**Fiscal Year 2024**

| Guideline and SOC | Applied | Percent |
|---|---|---|
| §2G1.3 Promoting a Commercial Sex Act or Prohibited Sexual Conduct with a Minor; Transportation of Minors to Engage in a Commercial Sex Act or Prohibited Sexual Conduct; Travel to Engage in Commercial Sex Act or Prohibited Sexual Conduct with a Minor; Sex Trafficking of Children; Use of Interstate Facilities to Transport Information about a Minor | 619 | 1.0 |
| (a) Base offense level 24 | 7 | 1.1 |
| (a)(1) Conviction under 18 U.S.C. § 1591(b)(1) (Base offense level 34) | 36 | 5.8 |
| (a)(2) Conviction under 18 U.S.C. § 1591(b)(2) (Base offense level 30) | 90 | 14.5 |
| (a)(3) Conviction under 18 U.S.C. § 2422(b) or § 2423(a) (Base offense level 28) | 372 | 60.1 |
| (a)(4) Otherwise (Base offense level 24) | 114 | 18.4 |
| Chapter 2 Specific Offense Characteristic Adjustments | 607 | 98.1 |
| (b)(1)(A) Defendant was a parent/relative/guardian of the minor (2 levels) | 37 | 6.0 |
| (b)(1)(B) Minor was in custody/care/control of the defendant (2 levels) | 47 | 7.6 |
| (b)(2)(A) Misrepresentation of identity to facilitate the travel of a minor to engage in prohibited sexual conduct (2 levels) | 40 | 6.5 |
| (b)(2)(B) Defendant unduly influenced a minor to engage in prohibited sexual conduct (2 levels) | 227 | 36.7 |
| (b)(3)(A) Computer was used to facilitate travel of a minor to engage in prohibited sexual conduct (2 levels) | 283 | 45.7 |
| (b)(3)(B) Computer was used to solicit a person to engage in prohibited sexual conduct with a minor (2 levels) | 73 | 11.8 |
| (b)(3)(B) Computer was used to solicit a person to engage in prohibited sexual conduct with a minor, shall not apply if the offense of conviction is 18 U.S.C. §2421A  (2 levels) | 182 | 29.4 |
| (b)(4)(A) Offense involved commission of sexual act or sexual contact (2 levels) | 80 | 12.9 |
| (b)(4)(B) Offense involved a commercial sex act (2 levels) | 1 | 0.2 |
| (b)(4)(B) Subsection (a)(3) or (a)(4) applies and offense involved a commercial sex act (2 levels) | 27 | 4.4 |
| (b)(4)(A)(i) Offense involved commission of sexual act or sexual contact (2 levels) | 185 | 29.9 |
| (b)(4)(A)(ii) Subsection (a)(3) or (a)(4) applies and offense involved a commercial sex act (2 levels) | 23 | 3.7 |